UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>KEVIN PULLEY,<br><br>   Defendant. | Case No. 4:06-cr-40057-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's *pro se* motion for sentence reduction (Doc. 725) and a motion to rule on the previously filed motion (Doc. 726). The defendant filed his motions on October 24, 2023, and October 30, 2023, respectively. The defendant is seeking a reduction of his sentence for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)). Because the defendant has failed to demonstrate extraordinary and compelling reasons, the Court **DENIES** the motion for sentence reduction and **FINDS AS MOOT** the motion to rule on the sentence reduction.

## FACTS

The defendant, Mr. Pulley, pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than 500 grams of methamphetamine on September 27, 2007. Pulley was sentenced to 168 months on January 4, 2008. On December 14, 2015, Pulley was placed on supervised release. Pulley was revoked for multiple positive tests for methamphetamine on December 19, 2019. Pulley was placed into the custody of the BOP for 24 months followed by 36 months of supervised release. After his release in 2022, Pulley was

revoked a second time on June 29, 2023 and placed into the BOP's custody for 21 months, with no additional supervised release term.

The defendant filed his motion claiming that his wife was incapacitated and that he was the only available caregiver—invoking U.S.S.G. § 1B1.13(b)(3)(B)'s exception for family circumstances. The defendant claimed that his non-minor children were unable to care for her. In a letter to the court, the defendant claimed that his son had a surgical procedure making him unavailable to care for the defendant's wife. Additionally, the defendant claims that the § 3553(a) factors weigh in favor of a reduction.

Before filing his motion, the defendant filed an appeal with the Warden but did not receive a response in thirty days.

While his motion was pending, the defendant submitted several letters to the Court stating that his wife's situation had continued to degrade.

**APPLICABLE LAW**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

  **(3) Family Circumstances of the Defendant.**—
    **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
    **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
    **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
    **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual.  For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.
    . . . .
  **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b) (2023).

For a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13.

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

**ANALYSIS**

The defendant has presented sufficient evidence to show that he exhausted his administrative remedies before filing this motion. Therefore, the Court will turn its attention to the merits of his motion to see whether he gives sufficient grounds for relief under § 1B1.13(b) and § 3553(a); Pulley has not given sufficient grounds for relief.

While the Court understands that the defendant's wife is incapacitated and the defendant is the primary caregiver, the defendant has other adult members of his family that are in the area that can care for his spouse—primarily his children. While the defendant has claimed that one of his children is disabled, the defendant has another adult child. The defendant has not alleged that his able-bodied child is incapable of employment or physically incapable of caring for his spouse, their mother. Additionally, the defendant's mother resides in Marion. The defendant has not given any information on his wife's family, but there may be additional support figures there. It is the burden of the defendant to show that he is the only available caregiver. While it is unfortunate that, according to the defendant, his spouse is not receiving the care she needs already, the defendant is not the only available caregiver.

Additionally, the defendant's wife suffered from her current condition before the defendant was revoked. These reasons, which may be extraordinary or compelling if they arose after the defendant had been revoked, cease to be extraordinary or compelling when the defendant—with full and complete knowledge of the severity of the situation—choose to reoffend. Left unspoken in the Sentencing Guidelines is the idea that *if* a prisoner is released to serve as the caregiver for a spouse, that they would prioritize that caregiving role over continuing criminal conduct; Pulley has not. The onus is on Pulley not to reoffend, if not for his own sake, then for the sake of his spouse.

Second, the conduct the defendant was revoked for—possession of methamphetamine—is prohibited on the state and federal level. Were the Court to grant his motion, (Doc. 725), there is nothing preventing him from filing another, identical motion, asking for relief for the same reasons again. The condition of the defendant's spouse, if the Court takes him at his word, is certainly serious—but that does not give the defendant a pass for unlimited relapses. The judicial system cannot give criminal caregivers a free pass when the caregiver in question was aware of the condition before their offense, especially when the defendant has been revoked before—as Pulley has.

Third, the defendant himself has implied that granting his motion will cause him to reoffend. The defendant is asking for relief on the basis that he is his wife's only primary caregiver. However, Pulley highlights that caregivers for dependents in his wife's condition tend to develop conditions of their own; this explains, according to Pulley, why he has a drug dependency problem and why he uses drugs. If being his spouse's only caregiver is what led or contributed to his continued use of drugs, then releasing him to serve as his spouse's only caregiver again would only prolong or aggravate his drug dependency. He has placed himself in a Catch-22.

Even if the defendant persuaded the Court that these were extraordinary and compelling circumstances and none of the above considerations applies, the defendant has only recently been revoked. The defendant has not shown remorse for his conduct, only remorse for the consequences of his conduct. The § 3553(a) factors that motivated the Court's decision at revocation remain the same. He was in criminal history category III at his sentencing nearly twenty years ago, with a history of disregard for the law and for the terms of his supervised release. The Court believes that his current sentence is necessary to reflect the seriousness of his

offenses, promote respect for the law, punish Pulley for his multiple violations, and protect the public from his future crimes. Additionally, Pulley told the Court that he was unable to attend addiction counseling due to employment obligations. The Court believes that in refusing to grant his motion, the time he is incarcerated will provide Pulley with the needed care he requires.

## CONCLUSION

The Court **DENIES** the defendant's motion for sentence reduction, (Doc. 725), and **FINDS AS MOOT** the defendant's motion to rule on the previous motion. (Doc.726).

**IT IS SO ORDERED.**
**DATED:  February 9, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**