UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:06-cr-40057-JPG-7 |
| KEVIN PULLEY, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for reconsideration, (Doc. 731), of this Court's order denying, (Doc. 730), the defendant's motion for compassionate release. (Doc. 725). The defendant filed his motion on March 1, 2024. The defendant is seeking an order vacating the Court's order, because the defendant has failed to demonstrate why, the Court **DENIES** the motion for reconsideration.

The defendant, Kevin Pulley, pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than 500 grams of methamphetamine on September, 27, 2007. Pulley was sentenced to 168 months on January 4, 2008. On December 14, 2015, Pulley was placed on supervised release. Pulley was revoked for multiple positive tests for methamphetamine on December 19, 2019. Pulley was placed into the custody of the BOP for 24 months followed by 36 months of supervised release. After his release in 2022, Pulley was revoked a second time on June 29, 2023 and placed into the BOP's custody for 21 months, with no additional supervised release term.

The defendant filed his motion claiming that his wife was incapacitated and that he was the only available caregiver—invoking U.S.S.G. § 1B1.13(b)(3)(B)'s exception for family

1

circumstances. The defendant claimed that his non-minor children were unable to care for her. In a letter to the court, the defendant claimed that his son had a surgical procedure making him unavailable to care for the defendant's wife. Additionally, the defendant claims that the § 3553(a) factors weigh in favor of a reduction.

Before filing his motion for compassionate release, the defendant filed an appeal with the Warden but did not receive a response in thirty days. While his motion was pending, the defendant submitted several letters to the Court stating that his wife's situation had continued to degrade.

The Court ultimately denied his motion for compassionate release. Pulley's motion for reconsideration details the availability of family members to care for his wife. Several family members are within driving distance of his wife, including her son and two sisters. He does not raise any other new, material facts or controlling authority.

As a preliminary matter, while not mentioned specifically in the Federal Rules of Criminal Procedure, motions for reconsideration in criminal cases are allowed. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Hicks*, No. 18-CR-227, 2021 WL 1663556, at *2 (E.D. Wis. Apr. 28, 2021) (citing *United States v. Redmond*, No. 3:14-CR-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)). This rule allows district courts the opportunity to correct their own alleged errors before burdening a court of appeals with correcting them. *Rollins*, 607 F.3d at 502.

Pulley asks the Court to reconsider the denial of compassionate release. His motion, however, does not point to any issues the Court misapprehended or changes in the law or the facts. In fact, his motion for reconsideration presents facts that indicate there are multiple available caregivers for his

wife. His other reasons are not new and therefore, are not a valid basis for reconsideration. He has simply failed to point to any error of the Court's that should be corrected.

**CONCLUSION**

The Court **DENIES** the defendant's motion for reconsideration.

**IT IS SO ORDERED.**
**DATED:  June 3, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**